## IN THE MATTER OF FELIX NAVARRO & COMPANY,
### Voluntary Bankrupts.

----

Ponce, ——, Bankruptcy, No. 49.

Bankruptcy—Attorneys' Fees.
        1. What is the proper amount to allow a trustee's attorney for

In the Matter of Navarro & Company.

his services depends very largely upon each individual case; and where it is shown that by the attorney's efforts a sum of money was recovered for the creditors considerably larger than would otherwise have been recovered, a fee of 25 per cent is not unreasonable.

Bankruptcy—Attorneys' Fees—Contingent Fee.

2. The fee of trustee's attorney who takes a case on a contingency basis should be based upon the net amount recovered.

Opinion filed January 29, 1917.

*Mr. Ed. Flores Colon* for bankrupt.

*Mr. Harry Besosa* for trustee.

HAMILTON, Judge, delivered the following opinion:

This matter comes on upon a petition for review of the referee's allowance of $1,000 to the attorney for the trustee. It is a case in which a number of proceedings were had in Ponce and in San Juan. The principal point in controversy related to the silent partner's share which, according to the trustee, he had withdrawn and which he did not have a right to withdraw. There was a persistent attempt on the part of the trustee to bring that back into the estate. It seems that a number of creditors, perhaps a majority, were willing to take 15 per cent. By the persistence of the trustee and his attorney probably 40 per cent has now been realized. Under the 15 per cent offer, there would have been some $1,300 paid. As it stands now, there are $6,300 available for settlement. The contention of the attorney for the trustee is that he should be allowed 33 per cent; that

### In the Matter of Navarro & Company.

it is not unusual in San Juan to charge 50 per cent in some cases, that is to say, where the attorney advances the costs.

1. There is no question, and it has been settled previously in this court, that while expenses are to be kept down to a minimum in bankruptcy cases, what those expenses should be depends very largely upon each particular case. Perhaps a majority of the cases are simple, but this case is somewhat different from the ordinary. I do not doubt that the attorney for the trustee ought to receive fuller compensation than if it had been an ordinary case in which a usual fee had been agreed upon. The only question is, What is proper under the circumstances? I do not want to go on record as favoring attorneys advancing the costs of a suit. I do not want to say anything one way or the other on that point. There is a good deal to be said on both sides, and I would rather not take it into account at present. If that is to be done, it possibly had better come up in another way; but leaving that out of account, what would be a proper compensation? The Espitery Case, 7 Porto Rico Fed. Rep. 91, seems to present an analogy. There was a case where I think there were two trials. There was a close question of law as to the silent partner's withdrawal of money, whether it was under such circumstances and at such time that it could be reclaimed. The trial took a day or two, and it was fought straight through, clear to a verdict. In the case at bar there was a compromise. They did not go through the actual trial. I do not think I would go beyond what I did in the Espitery Case. In point of fact I think that, under the theory of the Bankrupcy Act of cutting down expenses as far as possible at all times, I do not at present imagine a case where I could go beyond the 25 per cent. I think the Espitery Case and the pres-

In the Matter of Navarro & Company.

ent are somewhat in the same class, and I am willing to go that far.

2. The second question, though, is as to what the 25 per cent is to be figured on. The expenses have been heavy in this case. The theory of a contingent fee is that it is to be based on what the client, in this case the bankrupt's estate, recovers. Suppose a case in which the general expenses amounted to 50 per cent of the estate; it might happen in a small case. I do not think it would be right to figure the 25 per cent attorney's fee upon the gross amount of recovery. It ought to be on the net amount of recovery, what the estate has benefited. That is putting the attorneys' fees and the other expenses in somewhat the same class. I do not know precisely what the expenses were, I think some three hundred and odd dollars. I think I would be going the limit if I fixed, as I do fix, the attorneys' fees in this case at 25 per cent upon $6,000. Personally I do not see my way clear to make it more, and personally I think this would be all right. This is deciding the case as it comes up; that is to say, where there has been no preliminary agreement as to fees, agreed upon with the referee himself. The referee is in direct charge of the case, and knows more about it than the judge can know. As it comes up, here is a case of agreement, not positively an agreement but perhaps an understanding, with the trustee in advance, but not with the referee. If the referee upon an understanding of all the facts should agree to any special figure, I would go very slow about disturbing it, but coming up after everything has been done, without any direction by the referee himself, I think the holding I have made is about right.